UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD RICARDO,<br><br>Defendant. | No. 1:22-cr-00063-NODJ-BAM<br><br><br><br>**ORDER** |

This matter is before the Court on Defendant Richard Ricardo's Motion to Dismiss the Indictment. (ECF No. 56.) The Government filed an opposition. (ECF No. 61.) Defendant filed a reply. (ECF No. 62.) For the reasons set forth below, the Court DENIES Defendant's motion.

Defendant moves to dismiss the single count Indictment charging felon in possession of firearms and ammunition in violation of 18 U.S.C. § 922(g)(1) ("§ 922(g)(1)"). (ECF No. 56 at 2.) Defendant argues § 922(g)(1) is unconstitutional as applied to him because the Second Amendment covers the conduct alleged in the Indictment and the Government cannot show the regulation is consistent with the country's historic tradition of firearm regulation. (*Id.*)

Several courts in this district have rejected this argument based on binding Ninth Circuit authority that has found § 922(g)(1) to be constitutional. *See United States v. Vongxay*, 594 F.3d 1111, 1116–18 (9th Cir. 2010) (holding that "§ 922(g)(1) does not violate the Second Amendment as it applies to Vongxay, a convicted felon"); *see also United States v. Johnson*, No.

2:23-CR-00099-KJM, 2024 WL 4441932, at *2 (E.D. Cal. Oct. 8, 2024); *United States v. Rocha*, No. 1:24-CR-00081-KES-BAM-1, 2024 WL 4262467, at *5 (E.D. Cal. Sept. 19, 2024); *United States v. Muhammad*, No. 1:23-CR-00236-NODJ-BAM-1, 2024 WL 4093679, at *1 (E.D. Cal. Sept. 5, 2024); *United States v. Cardiel*, No. 1:22-CR-00041-NODJ-BAM, 2024 WL 3984002, at *7 (E.D. Cal. Aug. 29, 2024); *United States v. Broadbent*, No. 2:19-CR-00155-DJC, 2023 WL 6796468, at *3–4 (E.D. Cal. Oct. 13, 2023).  Those courts also found that *Vongxay* is not "clearly irreconcilable" with the Supreme Court's intervening decisions in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) and *United States v. Rahimi*, 144 S. Ct. 1889 (2024).  *See, e.g.*, *Johnson*, 2024 WL 4441932, at *2.  The Court agrees with those well-reasoned decisions and similarly concludes it is bound by *Vongxay*'s holding that § 922(g)(1) is constitutional.

The Court also notes the Ninth Circuit recently granted rehearing en banc and vacated the panel decision in *United States v. Duarte*, 108 F.4th 786 (9th Cir. 2024), the case upon which Defendant primarily relies.  (ECF No. 56 at 3–8; ECF No. 62 at 3–5.)  The en banc proceedings are still pending in the Ninth Circuit.

For the foregoing reasons, the Court DENIES Defendant's motion to dismiss (ECF No. 56) without prejudice to refiling if it becomes appropriate after the en banc decision in *Duarte*.

IT IS SO ORDERED.

Date: November 22, 2024

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE